IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 DEC -1  PM 3:58

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| DEBRA PATTON f/k/a DEBRA ATKINS,<br><br>       Plaintiff,<br><br>       v.<br><br>PRIMARY FINANCIAL SERVICES, LLC,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**1 : 10 -cv- 1 5 5 3 TWP -TAB**

### COMPLAINT

NOW COMES the Plaintiff, DEBRA PATTON f/k/a DEBRA ATKINS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PRIMARY FINANCIAL SERVICES, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.    DEBRA PATTON f/k/a DEBRA ATKINS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bloomington, County of Monroe, State of Indiana.

1

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Wells Fargo Bank, N.A. (hereinafter "Wells Fargo").

6.      The debt that Plaintiff allegedly owed Wells Fargo was for a loan, the funds of which were used for education expenses.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      PRIMARY FINANCIAL SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is registered as a limited liability company in the State of Arizona.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV.   ALLEGATIONS

14.     On or about October 6, 2010, Plaintiff received a telephone call from Mr. Aaron Matthews, a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff to Wells Fargo.

15.     The aforesaid telephone call was Defendant's initial communication with Plaintiff.

16.     On or about October 8, 2010, Mr. Matthews engaged in another telephone call with Plaintiff.

17.     During the course of the aforementioned telephone call, Mr. Matthews informed Plaintiff that she could either settle the debt for $3,900.00 or make an alternative offer to Defendant.

18.     Plaintiff informed Defendant that she did not want to settle the debt at that time because she would have to first obtain funds sufficient to pay the debt she allegedly owed.

19.     On that same day, subsequent to the aforementioned telephone conversation, Mr. Matthews initiated another telephone call to Plaintiff and left Plaintiff a voicemail message.

20.     During the course of the aforementioned voicemail message, Defendant told Plaintiff that if she did not contact Defendant by the end of the day then Defendant would assume that Plaintiff refused to settle the debt on which it was attempting to collect.

21.     Defendant further stated that if Plaintiff did not contact Defendant by the end of the day then Defendant would advise Wells Fargo that Plaintiff was rescinding an offer to settle the debt.

22.    Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Defendant by the end of the day then Defendant would mark Plaintiff's account as a refusal to pay.

23.    Defendant's statement, as delineated above, that it would contact Wells Fargo to state that Plaintiff was rescinding an offer to settle was false, deceptive and/or misleading in that Plaintiff never informed Defendant that she refused to pay or that she refused to enter into a settlement with respect to the debt she allegedly owed.

24.    On or about October 11, 2010, Plaintiff engaged in another telephone call with Mr. Matthews.

25.    At no time during Defendant's telephone conversations with Plaintiff did Defendant apprise Plaintiff that it was debt collector, attempting to collect a debt and that any information obtained from Plaintiff would be used for that purpose.

26.    On October 12, 2010, Defendant sent Plaintiff a correspondence in a further attempt to collect a debt allegedly owed by Plaintiff to Wells Fargo.

27.    The aforesaid correspondence was post-marked on October 12, 2010.

28.    As such, Defendant failed to provide Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29.    In its attempts to collect the debt allegedly owed by Plaintiff to Wells Fargo, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

4

a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA PATTON f/k/a DEBRA ATKINS, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEBRA PATTON f/k/a**
**DEBRA ATKINS**

By:

David M. Marco
Attorney for Plaintiff

Dated: November 23, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us